IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ASHLEY N. BASTION                                                                               PLAINTIFF

v.                                       CIVIL NO. 21-5224

KILOLO KIJAKAZI, Acting Commissioner                                          DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Ashley N. Bastion, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

   I.      **Procedural Background:**

Plaintiff protectively filed her application for DIB on January 6, 2020, alleging an inability to work since November 1, 2019, due to scoliosis and a broken tailbone. (Tr. 24, 214). The ALJ issued an unfavorable decision on March 29, 2021. (Tr. 21–34).  The ALJ found that Plaintiff had an impairment or combination of impairments that were severe: scoliosis of the spine status-post fusion with rods, hypertension, coronary artery disease, arthritis at C5-6, osteoarthritis, major depression, anxiety, and post-traumatic stress disorder. (Tr. 26). After reviewing all evidence presented, the ALJ determined that through the date last insured,

1

Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in 20 C.F.R., Subpart P, Appendix 1. (Tr. 26–30). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work but was additionally limited to jobs which involve simple tasks with instructions which are not detailed or complex, where interpersonal contact was only incidental to work, involved few variables and little judgment, and the supervision required would be required to be simple, direct, and concrete. (Tr. 30–32).

With the help of a VE, the ALJ determined that the Plaintiff would be unable to perform any of her past relevant work, but would be able to perform the representative occupations of merchandise marker, call out operator, or routing clerk. (Tr. 32–24). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from November 1, 2019, through March 20, 2021, the date of his decision. (Tr. 34).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on October 15, 2021. (Tr. 1–3). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). (ECF Nos. 13, 14). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the

national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to fully and fairly develop the record; 2) Whether the ALJ erred in assessing Plaintiff's subjective complaints; and 3) Whether the ALJ erred in his residual functional capacity determination. (ECF No. 13).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In making his RFC determination, the ALJ offered little analysis of Plaintiff's limitations and if he carefully considered the *Polaski*[1] factors, he did so with such brevity it is difficult to ascertain what his findings were. However, the matter of gravest concern is the ALJ's decision to omit the postural and environmental limitations that both state agency medical consultants opined Plaintiff would require. (Tr. 32). The ALJ provides no explanation for his finding that Plaintiff had no significant postural or environmental limitations beyond saying this is based upon the evidence of record. On March 26, 2020, Jim Takach, MD, reviewed Plaintiff's medical records and opined that Plaintiff retained the functional capacity to perform at the light exertional level with postural and environmental limitations. (Tr. 99–100). On June 4, 2020, David Hicks, MD, reviewed Plaintiff's medical records upon reconsideration and agreed with Dr. Takach's assessment of Plaintiff's residual functional capacity. (Tr. 115–18). The ALJ did not rely upon any other opinion evidence in assessing Plaintiff's physical residual functional capacity, and does not appear to have considered Plaintiff's treatment with Dr. Kenneth Tonymon. (Tr. 767–71). While Dr. Tonymon did not provide a medical source statement, he did perform a physical examination and note Plaintiff's range of motion in her lumbar spine was painful and limited to just five degrees in bilateral flexion and rotation. (Tr. 770). While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base his opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); and *Haley v.*

---

[1] The ALJ is required to consider all the evidence relating to Plaintiff's subject complaints, including 1) Plaintiff's daily activities; 2) the duration, frequency, and intensity of his pain; 3) precipitation and aggravating factors; 4) dosage, effectiveness, and side effects of his medication; and, 5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

*Massanari*, 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision).

The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC. On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    DATED this 13th day of January 2023

                                   /s/ *Christy Comstock*
                                   HON. CHRISTY COMSTOCK
                                   UNITED STATES MAGISTRATE JUDGE